IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

DAVID ANDREW WARD,

    Petitioner,                    No. CIV S-05-2536 FCD DAD P

    vs.

D. ADAMS, Warden, et al.,

    Respondents.              FINDINGS AND RECOMMENDATIONS

                              /

        Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Petitioner challenges a judgment imposed by the Tehama County Superior Court on January 16, 2004. Before the court is respondents' motion to dismiss the petition as a mixed petition containing one exhausted claim and three unexhausted claims. Respondents assert that, if petitioner seeks stay and abeyance pending exhaustion of his unexhausted claims, limitations should be applied as set forth in <u>Rhines v. Weber</u>, 544 U.S. 269 (2005).

        In timely opposition to respondents' motion, petitioner contends that three of his four claims were properly presented to the California Supreme Court on direct appeal and that he has no knowledge of whether appellate counsel presented the fourth claim to the California Supreme Court by a means other than direct appeal. Petitioner does not wish to delete the claim

1

that may be unexhausted and requests stay and abeyance so that he may exhaust that claim if the court finds it to be unexhausted.  Respondents have not filed a reply to petitioner's opposition.

## ANALYSIS

More than twenty years ago, the United States Supreme Court ruled that a federal district court may not adjudicate a petition for habeas corpus unless the petitioner has exhausted state court remedies with respect to each claim raised in the petition.  <u>Rose v. Lundy</u>, 455 U.S. 509, 516 (1982).  Pursuant to that ruling, district courts were required to dismiss mixed petitions containing both exhausted and unexhausted claims.  <u>Id.</u> at 522.  Recently, the Court concluded that district courts may stay, rather than dismiss, a mixed petition if there is good cause for the petitioner's failure to exhaust his claims first in state court, the claims are potentially meritorious, and the petitioner has not engaged in abusive litigation tactics or intentional delay.  <u>Rhines v. Weber</u>, 544 U.S. 269, ___, 125 S. Ct. 1528, 1535 (2005).

In the present case, petitioner has alleged the following grounds for relief:

GROUND ONE:  Petitioner's 5th and 14th Amendment rights under the U.S. Const. were violated when the court allowed evidence of a C.D. showing appellant engaged with adult women in sexual conduct to impeach his expert witness, thereby forcing appellant to withdraw the expert's testimony.

GROUND TWO:  Petitioner's due process rights under the 5th and 14th Amendments of the U.S. Const. were violated by the court's admission of uncharged incident involving Alicia S., as propensity evidence.  Said admission was highly prejudicial to petitioner.

GROUND THREE:  Petitioner was denied his 6th and 14th Amendment rights to jury trial and due process under the U.S. Const. when the court imposed an aggravated sentence on the basis of facts not admitted or found true by a jury that went beyond the elements of the crime.

GROUND FOUR:  Petitioner was denied his 6th and 14th Amendment rights under the U.S. Const. when the trial court refused to permit him to call a vital witness in his defense, denying him due process and the right to a fair trial, and to call favorable witnesses.

(Pet. filed Dec. 14, 2005, at pages that would be 5, 24, 36, and 45 if numbered consecutively.)

Respondents have conceded that Ground Three advances a claim that was properly presented to the California Supreme Court, and petitioner has not demonstrated that Ground Four was presented to the California Supreme Court. Accordingly, the undersigned finds that petitioner's federal habeas petition is a mixed petition containing at least one exhausted claim and at least one unexhausted claim.

The parties dispute whether Grounds One and Two are exhausted. Respondents contend that petitioner did not fairly present either ground to the California Supreme Court. More specifically, respondents assert that Ground One, as presented to the California Supreme Court, did not allege a constitutional violation or place the state court on notice of the constitutional basis for the claim and that Ground Two, as presented to the California Supreme Court, merely asserted in passing that any erroneous admission of evidence of uncharged offenses "constitutes a violation of a defendant's federal due process rights." Respondents argue that it is not enough for purposes of the fair presentation requirement to make a general appeal to a broad constitutional guarantee such as due process.

The federal exhaustion requirement is satisfied by fairly presenting to the state's highest court all federal claims before presenting them to a federal court. Duncan v. Henry, 513 U.S. 364, 365 (1995) (per curiam); Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996). The petitioner must alert the state courts that a claim under the United States Constitution is being presented. Shumway v. Payne, 223 F.3d 982, 987 (9th Cir. 2000) (citing Hiivala v. Wood, 195 F.3d 1098, 1106 (9th Cir. 1999)); see also Duncan, 513 U.S. at 365-66 ("If state courts are to be given the opportunity to correct alleged violations of prisoners' federal rights, they must surely be alerted to the fact that the prisoners are asserting claims under the United States Constitution.").

Petitioner contends that his appellate counsel gave the California Supreme Court fair notice of petitioner's federal claims in the paragraph titled "Necessity for Review" and in "the Due Process questions presented along with their arguments" in the Petition for Review.

3

The section titled "Necessity for Review" consists of the following paragraph:

> The issues in this case are presented for review because they raise important questions of federal and state constitutional law for this Court's authoritative resolution and because this petition is required in order to fulfill petitioner's obligation to exhaust his remedies in the courts of California in the event that he decides to seek relief in federal court. (O'Sullivan v. Boerckel (1999) 526 U.S. 838.)

(Resp'ts' Lodged Doc. No. 2, Pet. for Review filed in Cal. Supreme Ct., at 3.) The section titled "Questions Presented" includes the following questions pertinent to Grounds One and Two:

> 1. Is a criminal defendant denied Due Process and the right to a fair trial when the prosecution is allowed to use irrelevant and highly inflammatory evidence to force a defense witness to be withdrawn from presenting testimony?
>
> 2. Is a criminal defendant denied Due Process and the right to fair trial when the prosecution is allowed [to] present prejudicial, other-crimes evidence?

(Id. at 1.)

The undersigned finds that Grounds One and Two were fairly presented to the California Supreme Court as federal claims invoking the rights to due process and a fair trial. Although the arguments offered in support of Question 1 include a citation to California Evidence Code § 721 and citations to two decisions of the California Supreme Court, Question 1 is not grounded on an alleged error of state law. (See id. at 4-7.) Similarly, the arguments offered in support of Question 2 include citations to California Evidence Code §§ 1101(b) and 1108 and numerous state court decisions (see id. at 7-11), but the arguments are grounded on and expressly invoke federal due process:

> The erroneous admission of evidence of uncharged offenses not only is error under California law, but also constitutes a violation of a defendant's federal due process rights if there are no permissible inferences the jury may draw from the evidence and the evidence is of such quality as to prevent a fair trial. (Jammal v. Van de Kamp (9th Cir. 1991) 926 F.2d 918, 920.)

(Id. at 7.) The petition for review alerted the California Supreme Court that claims under the

4

United States Constitution were being presented and gave the state's highest court an opportunity to correct the alleged violations of petitioner's federal rights to due process and a fair trial.

Grounds One, Two, and Three are exhausted. Petitioner has indicated that he wishes to return to state court to exhaust the unexhausted Ground Four. The pro se petitioner has stated his belief "that his attorney argued this issue on appeal of this case" and his "impression that this issue had been raised on appeal in the Superior Court and that it had been exhausted when denied by the court(s)." (Pet. at pages that would be 45 and 46 if numbered consecutively.) In opposition to respondents' motion to dismiss, petitioner states that he "cannot say with any certainty exactly what counsel did and or did not file outside of the direct appeal" because counsel has refused to provide him with the state court records. (Pet'r's Opp'n to Mot. to Dismiss at 2.) The undersigned finds that petitioner has shown good cause for his failure to exhaust Ground Four prior to filing this action.

The record does not reflect dilatory litigation tactics by petitioner, and the unexhausted claim is not plainly meritless. Accordingly, this is an appropriate case for the stay and abeyance procedure. See Rhines, 125 S. Ct. at 1535 ("[I]t likely would be an abuse of discretion for a district court to deny a stay and dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics.") The undersigned will recommend that respondents' motion to dismiss the mixed petition be granted in part and that this action be stayed and held in abeyance pending exhaustion of Ground Four. In accordance with Rhines, reasonable time limits should be placed on petitioner's trip to state court and back.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondents' February 7, 2006 motion to dismiss be granted in part;

/////

/////

2. Petitioner be directed to present unexhausted Ground Four to the California Supreme Court in a state habeas petition within thirty days after this action is stayed by order of the district judge;

3. This action be stayed and the Clerk of the Court be directed to administratively close the case;

4. Petitioner be directed to file and serve a status report in this case on the first court day of each month after the case is stayed; and

5. Petitioner be directed to file and serve a motion to lift the stay of this action within thirty days after petitioner is served with the California Supreme Court's order disposing of the state exhaustion petition.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and shall serve a copy on all other parties. A document containing objections should be titled "Objections to Magistrate Judge's Findings and Recommendations." Any reply to objections should be titled "Reply to Objections" and shall be served and filed within ten days after service of the objections. The parties are advised that failure to file objections within the specified time may, under certain circumstances, waive the right to appeal the District Court's order. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 19, 2006.

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE

DAD:13
ward2536.mtd